

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

C0015

GERALD C. MANN
ATTORNEY GENERAL

Hon. Bert Ford, Administrator
Texas Liquor Control Board
Austin, Texas

Dear Sir:

Opinion No. O-1406
Re: Refunds of taxes and license fees
which accrue under Art. 1, Sections
15b and 45d, and Art. 2, Sections
18 and 23g, of the Texas Liquor
Control Act, may not be valid if
accruing after August 31, 1939,
the date of the close of the bien-
nium for which appropriations were
made for said refunds.

Your letter of the 8th instant received, in which,
after quoting Article 1, Sections 15b and 45d, and Article
2, Sections 18 and 23g of the Texas Liquor Control Act,
you ask whether the refunds referred to in the sections
quoted may be made.

Our attention has not been called to any specific
appropriations made by the 46th Legislature. In the ab-
sence of any specific appropriation for this purpose, the
statutes referred to do not authorize the payment of such
refunds during this biennium.

Section 6 of Article VIII of the Constitution provides:

"No money shall be drawn from the Treasury
but in pursuance of specific appropriations made
by law; nor shall any appropriation of money be
made for a longer term than two years."

In Pickle vs. Finley, 91 Tex. 484, the Supreme Court
of this State disposes of a similar question in the following
language:

"The members of the Legislature are sworn
to support the Constitution, and the courts will

C0046

not presume that they have intended to violate it when the language of the law will reasonably admit of another construction. Section 6 of article 8 of the Constitution (previously quoted) not only requires an appropriation before any money can be paid out of the treasury, but also limits every appropriation to a term of two years. If article 1018 of the Revised Statutes makes an appropriation for the payment of the salaries of the stenographers of the courts of civil appeals it is an unlimited appropriation. There is not a word to indicate that it was the purpose to restrict its operation to the term of two years. Therefore to presume that the Legislature intended by that provision not only to fix the salary of the office but also to make an appropriation for its payment is to presume that their purpose was to do that which the Constitution forbids. This cannot be presumed, unless the language be so clear as to admit of no other construction. If they had made an appropriation in unmistakable terms which was to continue for all time, it might be held valid for two years, and inoperative thereafter. But this has not been done. Here we have to deal with the question of construction and since no appropriation is clearly and expressly made we must hold that none was intended."

Yours very truly

ATTORNEY GENERAL OF TEXAS

(Signed) A. S. Rollins
           A. S. Rollins
           Assistant

ASR:pbp

APPROVED: SEPT. 22, 1939
(Signed) Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED:
Opinion Committee
By E. W. C.
Chairman